# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

OWNER-OPERATOR INDEPENDENT )
DRIVERS ASSOCIATION, INC., et al., )
         )
           Plaintiffs, )
         )
vs. )     No. 00-0258-CV-W-FJG
         )
LEDAR TRANSPORT, et al., )
         )
           Defendants. )

## ORDER

On December 16, 2005, the Court held a teleconference with the parties to discuss the upcoming damages phase of the trial. In order to assist the Court in preparing for the upcoming trial, the parties should prepare and submit to the Court on or before January 6, 2006, a joint statement regarding damages. In the statement, the plaintiffs shall specifically list what they believe are the damages suffered by each individual plaintiff. Defendants will then state their disagreement, if any, with the plaintiff's assessment and plaintiffs may then respond. This statement shall be prepared as to each of the 660 individual class members. Thus, the Court hereby declines to assess an aggregate damage award for the class as a whole. Plaintiffs in their trial brief also request that the Court defer distribution of any damages to class members pending execution of the judgment and disposition of the motion for attorneys' fees. As there is likely to be substantial briefing regarding the motion for attorneys' fees, the Court does not see a need to defer distribution of any award pending resolution of that motion. Therefore, the Court denies plaintiff's request to defer

distribution of any damages award.

Plaintiffs also filed a Motion for Pre-Judgment Attachment. Plaintiffs state that prejudgment attachment is necessary because the plaintiffs have gone to great lengths to avoid post-judgment discovery of Ledar's financial affairs in Ledar I. Defendants oppose the motion and state that the Court has no way of knowing what the judgment will be in this matter and it would be extremely prejudicial for the Court to simply attach each and every asset of every defendant regardless of its value or encumbrances. The Court agrees and finds that there is no need at the present time to enter an order of pre-judgment attachment. Therefore, the Court hereby **DENIES** Plaintiff's Motion for Prejudgment Attachment (Doc. # 363).

Plaintiffs have also filed a Motion in Limine to preclude defendant's expert from testifying about "offsets" against claims. Plaintiffs state that the defendant's expert, Jim Hord has offered the opinion in his report that virtually every class member left with a negative account balance and owing monies to the defendants. Mr. Hord concluded that the total negative account balance owed by the class to the defendants was $2,612,831.16 and this represents the total amount of offsets available to the defendants. Plaintiffs state that the Court should not allow defendants to assert any offsets against class members in this case because none of the defendants has pled offset or setoff in their Answer and secondly, defendants' offsets are affirmative claims that are not liquidated or subject to liquidation and thus do not qualify as defensive offsets. Third, plaintiffs state that the Court dismissed all counterclaims by defendants against the named plaintiffs and class members on jurisdictional grounds. Plaintiffs state that Mr. Hord's report is a thinly veiled attempt to reassert the dismissed counterclaims.

Defendants state that the individual accountings for each class member are

2

relevant and will assist the court in determining whether the monies the plaintiffs claim as damages were actually collected by the defendants and to what extent the plaintiffs are entitled to damages. Defendants state that if the class members terminated their leases with net sums owed to Ledar and/or Hawthorne Leasing then as a matter of law, no such claimants with negative net balances owing to Ledar or Hawthorne can establish the requisite "fact of damages sustained" which is an essential element of their cause of action. In order to properly measure plaintiff's damages, defendants state that the Court must consider any legitimate deductions made by the defendants per the terms of the lease agreements. Defendants state that the Court after hearing the evidence may disallow some of the deductions or offsets, but failure to consider any argument or evidence of offsets or legitimate expenses attributable to the plaintiffs under the lease agreements would guarantee an improper windfall to plaintiffs. Defendants also state that Hawthorne Leasing plead the affirmative defense of set offs and because the claims of the individual defendants are derivative of the claims against the two corporate defendants, the affirmative defenses of the corporate defendants should also apply to the individuals.

In the January 7, 2004, Order ruling on Plaintiff's Motion to Dismiss the Counterclaims of Ledar and Hawthorne Leasing, this Court stated, " while there may be some issues that overlap, defendant's counterclaims against the plaintiffs relate to whether plaintiffs owe defendants money under state law, while plaintiffs' claims relate to whether defendants violated the federal truth-in-leasing regulations." (Doc. # 292, pp. 18-19). If the Court were to allow defendant's expert to testify regarding offsets for each class member, this in essence would be allowing defendants to assert their counterclaims against the plaintiffs. As the Court has previously determined that it does

not have jurisdiction over these permissive counterclaims, the Court hereby **GRANTS**

plaintiff's Motion in Limine (Doc. # 383) and defendant's expert will not be permitted to

offer any testimony regarding offsets which the plaintiffs allegedly owed to the

defendants.


Date: December 21, 2005                              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                Fernando J. Gaitan, Jr.
                                                     United States District Judge