# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 00-0258-CV-W-FJG |
| LEDAR TRANSPORT, et al., ) ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court is plaintiffs' Motion for Attorney Fees and Expenses (Doc. # 450) and plaintiffs' Motion to Compel (Doc. # 464).

## I. BACKGROUND

On March 24, 2009, the Court entered an Order granting in part plaintiffs' Motion for Attorney Fees and Expenses. In their initial motion plaintiffs categorized their request for expenses in term of the different phases of the case: pre-trial, trial, post-trial, etc. However, plaintiffs did not separately calculate the categories of each type of expense such as travel, witness fees, photocopies, etc. In the March 24, 2009 Order, the Court requested that plaintiffs break down their request for costs into the types of expenses which they were seeking. The Court deferred making a final determination on the issue of costs until after plaintiffs had resubmitted the requested information. On April 10, 2009, plaintiffs filed a supplement to their Motion for an Award of Fees and Costs.

## II. DISCUSSION

**A. Costs**

Fed.R.Civ.P. 54(d) states in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." 28 U.S.C. § 1920 defines which expenses qualify as "costs." 28 U.S.C. § 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following: 1) Fees of the clerk and marshal; 2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; 3) Fees and disbursements for printing and witnesses; 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; 5) Docket fees under section 1923 of this title; 6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

"A prevailing party is presumptively entitled to recover all of its costs. . . The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must suggest a rationale under which the district court's actions constitute an abuse of discretion." 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007)(internal citations and quotations omitted). However, as the Court noted in Bisco-Wade v. Carnahan, 297 F.3d 781 (8th Cir. 2002), "[s]ection 1920 imposes rigid controls on cost-shifting in federal courts, and absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in section 1920." Id. at 782 (internal citations and quotations omitted).

In their Supplemental Filing in Support of their Motion for An Award of Costs, plaintiffs have requested a total of $104,707.40 in costs. Their request is categorized as

2

follows:

1) Airfare - $27,819.78

2) Trial Expenses - $28,442.54

3) Photocopies - $10,187.34

4) Fax Charges - $2,246.00

5) Fed Ex Charges - $7,828.21

6) Postage - $548.42

7) Telephone Charges - $2,365.70

8) Transcripts/Pacer Charges - $7,438.86

9) Travel Expenses - $15,821.08

Defendants argue that costs may be awarded to the prevailing party, but they must be derived from § 1920 or some other statutory authority. Defendants state that the Truth in Leasing statute contains no provision for including expenses in the costs shifted to a losing defendant. Defendant argues that because § 14704 deals with an economic and not a civil rights issue, the costs and fees should be treated like other economic issues.

Plaintiffs argue that in Sturgill v. UPS, 512 F.3d 1024 (8th Cir. 2008), the Eighth Circuit rejected defendants' position. In that case, UPS argued that the district court had erred in including attorney travel and private process server expenses in its award of costs, because these are not included in § 1920. However, the district court rejected UPS's argument because other circuits had interpreted 42 U.S.C. § 2000e-5(k) as allowing the award of "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee paying client." Id. at 1036 (citations omitted). The Eighth Circuit affirmed because UPS did not argue that the expenses in question were

3

not normally charged to fee paying clients. The Eighth Circuit found that the District Court had not abused its authority.

The Truth in Leasing regulations state, the "[d]istrict court shall award a reasonable attorneys' fee under this section. The district court shall tax and collect such a fee as part of the costs of this action." 49 U.S.C. § 14704(e). Plaintiffs do not cite any cases which *specifically* rely on the Truth in Leasing statute to authorize the payment of costs not listed in § 1920. Accordingly, the Court finds that because there is no statutory authority which would allow costs beyond those listed in § 1920, plaintiffs are entitled to only those costs enumerated in § 1920. Therefore, the Court hereby awards the following costs to plaintiffs:

**1) Airfare** - No costs are allowed under § 1920 for airfare. EEOC v. Tomorrow's Child Learning Center, LLC, No. 3:07CV000137 SWW, 2008 WL 5102006, *2 (E.D.Ark, Dec. 1, 2008).

**2) Trial Expenses** - The Court will award $222.00 for witness fees only. The remaining amount requested was for airfare, hotel, subpoena fees and outside printing fees which are not allowed under § 1920. Thirty and 141, LP v. Lowe's Home Centers, Inc., No. 4:06-CV-01781-SNL, 2008 WL 1995344 (E.D.Mo. May 6, 2008); Global Patent Holdings, LLC v. Panthers BRHC LLC, No. 08-80013-CIV, 2009 WL 1809983, *2 (S.D.Fla. June 25, 2009).

**3) Photocopies** - The Court will award $10,187.34 in photocopying costs as allowed by § 1920.

**4) Fax Charges** - No costs are allowed for facsimile charges. See Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008); EEOC v. Tomorrow's Child Learning Center, LLC, No. 3:07CV000137 SWW, 2008 WL 5102006, *2 (E.D.Ark,

4
Case 4:00-cv-00258-FJG   Document 481   Filed 07/20/09   Page 4 of 7

Dec. 1, 2008).

**5) Federal Express Charges** - No costs are allowed for overnight delivery charges. See Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008); EEOC v. Tomorrow's Child Learning Center, LLC, No. 3:07CV000137 SWW, 2008 WL 5102006, *2 (E.D.Ark, Dec. 1, 2008).

**6) Postage** - No costs are allowed for postage charges. See Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008); EEOC v. Tomorrow's Child Learning Center, LLC, No. 3:07CV000137 SWW, 2008 WL 5102006, *2 (E.D.Ark, Dec. 1, 2008).

**7) Telephone Charges** - No costs are allowed for phone charges. See Global Patent Holdings, LLC v. Panthers BRHC LLC, No. 08-80013-CIV, 2009 WL 1809983, *2 (S.D.Fla. June 25, 2009).

**8) Transcripts/Pacer Charges** - In Exhibit H, plaintiffs submitted a combined request for the transcript and pacer charges. Section 1920 allows for the costs of transcripts necessarily obtained for use in the case, but does not allow for Pacer charges. See Global Patent Holdings, LLC v. Panthers BRHC LLC, No. 08-80013-CIV, 2009 WL 1809983, *2 (S.D.Fla. June 25, 2009). Therefore, the Court will award $7,194.00 in costs for transcripts only.

**9) Travel Expenses** - No costs are allowed for travel expenses. See Sun Media Systems, Inc. v. KDSM, LLC, 587 F.Supp.2d 1059, 1064 (S.D. Iowa 2008).

Therefore, the total amount of costs awarded to plaintiffs is: $17,603.34.

**B. Attorneys' Fees** - Plaintiffs state that in calculating the attorneys' fee amount, the Court made an error and relied on the aggregate amount in fees and costs of $1,465,202.50 as opposed to just the attorneys' fees portion which was $1,280,327.00.

5

Reducing the attorneys fees by 16.5% yields an award of $1,069,073.00  Accordingly, the Court hereby **AMENDS** the March 24, 2009 Order and hereby awards plaintiffs' $1,069,073.00 in attorneys' fees.

**C. Plaintiff's Motion to Compel** - Plaintiffs served post-judgment document requests and interrogatories on defendants.  Plaintiffs are seeking information regarding the assets of the defendants for the purpose of commencing collection efforts for the amounts due under the judgment.  When defendants responded they asserted their rights under the Fifth Amendment.  Plaintiffs argued that the defendants could not make a blanket assertion of the privilege.  The Court requested additional information regarding the criminal proceedings that were pending against the defendants.  Defendants filed a supplemental response indicating that there are proceedings pending in the United States District Court for the Western District of Missouri for 401(k) violations;  the Sixteenth Judicial Circuit of Jackson County, Missouri for failure to pay Missouri withholding taxes, an investigation by the State of Kansas relating to their fuel tax audit and an investigation by the Missouri Division of Employment for unemployment taxes.  Plaintiffs argue that the requested discovery requests have no relation to the pending criminal actions and thus the defendants' responses will not incriminate them.  Plaintiffs are requesting information relating to 1) deeds of trust, mortgages; 2) certificates of title and certificates of ownership for cars, boats, trailers, aircraft; 3) account statements, bank records relating to checking accounts, savings accounts; 4) insurance policies; 5) articles of incorporation, membership agreements, relating to ownership in businesses; 6) documents relating to patents, copyrights or other intellectual property; 7) any license or franchise agreements.  Additionally, plaintiffs argue that the interrogatories also do not relate to the pending criminal actions, so

6

defendants should be compelled to provide responses.  The Court agrees and finds that the requested information has no relation to the pending criminal actions against the defendants and that the defendants' answers cannot possibly tend to incriminate them. Accordingly, the Court hereby **GRANTS** plaintiffs' Motion to Compel.  Defendants shall respond to plaintiffs' discovery responses on or before **August 3, 2009**.

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** plaintiffs' Motion for Costs (Doc. # 450) and awards plaintiffs' $17,603.34, in costs.  The Court hereby **AMENDS** the March 24, 2009 Order (Doc. # 476) and awards plaintiffs' $1,069,073.00 in attorneys' fees and **GRANTS** plaintiffs' Motion to Compel (Doc. # 464).


Date: 07/20/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge